**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

————————————

No. 98-10382

————————————


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JERRY DEAN BRIERTON,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Northern District of Texas
(4:98-CV-84-E & 4:88-CR-183-1-E)

————————————————

January 12, 1999

Before DAVIS, SMITH, and WIENER, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


Jerry Brierton appeals the dismissal of his 28 U.S.C. § 2255 motion as time-barred, contending the limitations period violates the Constitution.  Finding no error, we affirm.


I.

In the spring of 1989, Brierton pleaded guilty to bank robbery and was sentenced to 210 months' imprisonment.  He mailed a letter

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to the court in November 1989 asking for a reduction of his sentence, which the district court treated as an unauthorized motion to reduce and denied.

In January 1998, Brierton filed a § 2255 motion, alleging he had been denied effective assistance of counsel in 1989 because his attorney failed to preserve his right to appeal. The government filed a motion to dismiss, stating that the filing was time-barred under § 105 of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").[2] Brierton responded that the period of limitations established by AEDPA should not apply to him retroactively. The district court granted the motion to dismiss the § 2255 motion, agreeing that it was time-barred. Brierton then filed a notice of appeal and request for certificate of appealability ("COA"). The district court determined that Brierton had made a substantial showing of a denial of a constitutional right and issued a COA on the question whether the application of AEDPA's limitations period to Brierton's case violates the Suspension Clause, an issue the court raised *sua sponte*.

## II.

The AEDPA added a one-year limitations period for filing § 2255 motions.[3] Brierton does not dispute that the limitations

---

[2] Pub. L. No. 104-132, 110 Stat. 1214. AEDPA became effective on April 24, 1996.

[3] The limitations provision provides:

(continued...)

2

period had run. Rather, he argues that application of the limitations period constitutes a suspension of the writ of habeas corpus in contravention of the Suspension Clause.[4] We disagree.

The limitations period does not violate the Suspension Clause, because a § 2255 motion is a motion to vacate, set aside, or correct a sentence but is not a habeas proceeding. *See*, *e.g.*, *United States v. Placente*, 81 F.3d 555, 557 (5th Cir. 1996). Section 2255 speaks only of motions, not habeas petitions.

The advisory committee note to Rule 1 of the Rules Governing Section 2255 Proceedings for the United States District Courts differentiates between § 2255 motions and petitions for habeas

---

(...continued)
A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest ofSS

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. We previously have decided that prisoners whose convictions became final before the effective date had one year from that date in which to file a § 2255 motion. *See United States v. Flores*, 135 F.3d 1000, 1002-06 (5th Cir. 1998), *cert. denied*, 1999 U.S. App. LEXIS 459 (U.S. Jan. 11, 1999) (No. 98-7123).

[4] "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. CONST. art. I, § 9, cl. 2.

3

relief:

> Under these rules the person seeking relief from federal custody files a motion to vacate, set aside, or correct sentence, rather than a petition for habeas corpus. This is consistent with the terminology used in section 2255 and indicates the difference between this remedy and federal habeas corpus for a state prisoner. Also, habeas corpus is available to the person in federal custody if his "remedy by motion is inadequate or ineffective to test the legality of his detention."

*Id.* (quoting § 2255).[5] The note further explains the ramifications and advantages of addressing sentencing concerns outside the habeas context. *See* advisory committee notes, § 2255 Rule 1. Most notably, rather than being a civil action, as is an action seeking a writ of habeas corpus, a § 2255 motion is a further step in the movant's criminal case.

The Supreme Court recognizes that § 2255 motions are distinct from habeas petitions, even though they seek similar relief.[6] Our jurisprudence also acknowledges the distinction.[7] The Suspension

---

[5] Congress adopted the rules in Pub. L. 94-426, § 1, 90 Stat. 1334 (Sept. 28, 1976).

[6] *See United States v. Hayman*, 342 U.S. 205, 219 (1952) (noting that "the sole purpose [of adopting § 2255 motions] was to minimize the difficulties encountered in habeas hearings by affording the same rights in another and more convenient forum").

[7] *See*, *e.g.*, *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (discussing procedure for appeal of "successive petition for habeas corpus relief from a state prisoner or a successive § 2255 motion from a federal prisoner"); *Placente*, 81 F.3d at 558 ("The scope of relief under § 2255 is consistent with that of the writ of habeas corpus."); *United States v. Tubwell*, 37 F.3d 175, 177 (5th Cir. 1994) ("The district court and the Government characterize Tubwell's [motion] as a § 2255 motion. However, Tubwell's motion is more properly construed as a petition for habeas corpus pursuant to 28 U.S.C. § 2241."). We often carelessly refer to § 2255 motions as petitions for habeas relief. *See*, *e.g.*, *United States v. Giacomel*, 153 F.3d 257, 257 (5th Cir. 1998) (discussing defendant's "28 U.S.C. § 2255 petition for habeas corpus"); *Pleasant v. Texas*, 134 F.3d 1256, 1257 (5th Cir. 1998) (noting petitioner previously "filed a petition for federal habeas corpus relief pursuant to [] § 2255"); *United States v. Rocha*, 109 F.3d 225, 227 (5th Cir. 1997) (referring to party's "pro se motion for habeas relief under
(continued...)

4

Clause protects the writ of habeas corpus from suspension.  Because a § 2255 motion is not a habeas proceeding, the limitations period in § 2255 does not violate that clause.

AFFIRMED.

---

(...continued)
§ 2255").  They are not habeas petitions just because we occasionally call them that.